**Richard Olsen STEIMER, Jr.,**
**Plaintiff—Appellant,**

v.

**Ginny LEWIS;  State of Nevada,**
**Defendants—Appellees.**

No. 03–16494.

D.C. No. CV–02–00575–JCM/LRL.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2005.*

Decided Feb. 25, 2005.

John G. Watkins, Las Vegas, NV, for
Plaintiff–Appellant.

Rose Marie Reynolds, Office of the Nevada Attorney General, Las Vegas, NV,
for Defendants–Appellees.

Before D.W. NELSON, W.
FLETCHER, and FISHER, Circuit
Judges.

MEMORANDUM**

Richard Olsen Steimer appeals from
the district court's denial of class certification and dismissal of his 42 U.S.C.
§ 1983 claim.  Steimer argues that Nev.
Rev.Stat. 233B.150 (2004), which permits
the Nevada Supreme Court to hear appeals from state district courts, improperly amends Nev. Const. art. 6, § 6, which
grants state district courts "final appellate
jurisdiction" over appeals from administrative proceedings.  Because Nev. Const.
art. 16, § 1 provides that constitutional
amendments must be "submit[ted] ... to
the people," Steimer contends that the
Nevada Supreme Court, by exercising jurisdiction  pursuant  to  Nev.Rev.Stat.
233B.150, deprived him of liberty and
property interests protected under the
federal Due Process Clause and infringed
the federal voting rights of all Nevada
voters.

The district court dismissed on the
ground that it "lacked jurisdiction to overturn the Nevada Supreme Court ruling in
[*Dep't of Motor Vehicles v. Bremer*, 113
Nev. 805, 942 P.2d 145 (1997)] pursuant to

---

* This panel unanimously finds this case suitable for decision without oral argument.  *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

the *Rooker–Feldman* doctrine." We decline to affirm based on *Rooker–Feldman*. We affirm on the alternative ground that Steimer has failed to state a claim. The Nevada Supreme Court has rejected the interpretation of the Nevada constitution on which Steimer's claims depend. In *Bremer,* the Nevada Supreme Court found that Nev.Rev.Stat. 233B.150 was consistent with art. 6, § 6 of the Nevada constitution. *Id.* at 151. Under the holding of *Bremer,* therefore, Nev.Rev.Stat. 233B.150 does not constitute an amendment to Art. 6, § 6. Because Steimer fails to state a claim, we also affirm the district court's denial of class certification.